UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff (Respondent). | )<br>) Criminal I Case Information<br>) |
| v. | ) Hon. Judge Mary Lou Robinson<br>) Case No. 2:12-CR-037-J |
| MICHAEL DAVID GOODWIN<br>Defendant (Petitioner). | )  2:14-cv-91-J-BB<br>) |

## 2ND MOTION TO AMEND MOTION UNDER 2255

### ALL GROUND FOR RELIEF FOR PETITIONER'S MOTION TO AMEND MOTION UNDER 2255

COMES NOW Petitioner (Defendant in the above mentioned matter), Michael David Goodwin Pro Se, And states as follows:

### DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL

This petitioner has received on this date, July 21, 2014, the Plea Agreement Supplement dated December 13, 2012 and the Plea Agreement signed and dated December 13, 2012 signed by defendant, Michael David Goodwin and the attorney for defendant, (Clark Holesinger), has been crossed out and William E. Kelly III has been written in and signed by William E. Kelly III. Both of these legal documents pertaining to case No. 2:12-CR-37-J are signed by William E. Kelley and Clark Holesinger's name has been crossed out. See Evidence "**A**" **Plea Agreement (See signature on page 6)** and See Evidence "**B**" **Plea Agreement Supplement (See signature on page 2 of 2).**

Case No.  2:12-CR-037-J

# 2ND MOTION TO AMEND MOTION UNDER 2255

## ALL GROUND FOR RELIEF FOR PETITIONER'S MOTION TO AMEND MOTION UNDER 2255

In accordance with Kelly's affidavit signed and dated May 27, 2014 by attorney William E. Kelly III, clearly states on second page of his affidavit, "I was counsel for Patricia Goodwin and did not give legal advice to Dr. Goodwin." See Evidence "C" 2nd page.

In accordance with **Plea Agreement** :    See Evidence "B" (See page 5 paragraph 11)

**UNITED STATES OF AMERICA**

**v.**                                                    Criminal Case No.  2:12-CR-037-J

**MICHAEL DAVID GOODWIN**

Page 5. , Paragraph 11 **Representation of Counsel:**

"The defendant has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. The defendant has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, the defendant has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case "

Page 2 of 3

Case No.  2:12-CR-037-J

# 2ND MOTION TO AMEND MOTION UNDER 2255

## ALL GROUND FOR RELIEF FOR PETITIONER'S MOTION TO AMEND MOTION UNDER 2255

This petitioner never had proper legal counsel or advice regarding the severity of the Plea agreement and Plea agreement Supplement signed on respective dates. This is evident by Attorney William E. Kelly's III affidavit. See Evidence "C"

This petitioner was under the influence of the following medications See Evidence "D" (pages 1 and 2) which is report from Dr. Robert S. Daly overseeing my medical condition, and medication I was under.

Presenting Medication:

**Aspirin** 81mg (1tableqd)

**Coreg** 12.5mg (1tablet bid),

**Crestor** 20mg (1 tablet qd),

**Doxasosin** 4mg (1tablet bid),

**Flovent** HFA 220 mcg/actuation (2 puffs bid),

**Glimepiride** (1 qd),

**Lisinopril-hydrochlorothiaze** 20-25mg (qd),

**Potassium chloride** 10mgEq) 1 qd),

**Taztia** XT 360mg (1 capsule qd),

**Xanax** 0.25mg (1 tablet tid prn), prescribed for depression.

Evidence Cover Sheet

Case No. 2:12-cv-091-J-BB
(2:12-cr-037-J-BB)

Evidence Submitted:

A). Plea Agreement

B). Plea Agreement Supplement

C). Affidavit of William E. Kelly III

D). Medical report by Dr. Robert S. Daly

E). Affidavit of Michael D. Goodwin

*[signature]*
Michael David Goodwin
Pro Se Petitioner

Federal Prison Camp
Reg. No 44899-177
F.P.C. Terre Haute
P.O. Box 33
Terre Haute, IN 47808

## CERTIFICATE OF SERVICE

I, Michael David Goodwin, certify that a TRUE and accurate copy of the foregoing was filed with the United States District Court for the Northern District of Texas, Amarillo Division, by placing the documents in the F.P.C. Terre Haute's legal mailbox and / or handed these documents to the appropriate Federal B.O.P. officials, consistent with the Houston v. Lack mailbox rule, with First Class postage affixed.

*[signature]*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal No. 2:12-CR-37-J |
| | § | |
| MICHAEL DAVID GOODWIN (1) | § | |

## PLEA AGREEMENT

Michael David Goodwin, defendant, Clark Holesinger, the defendant's attorney, and the United States of America (the government), agree as follows:

1. **Rights of the defendant**: The defendant understands that he has the right

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have his guilt proven beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in his defense; and

    e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: The defendant waives these rights and pleads guilty to the offense alleged in Count 3 of the superseding indictment, charging a violation of 18 U.S.C. § 1347, that is, Health Care Fraud. The defendant understands the nature and elements of the crime to which he is pleading guilty, and agrees that the factual resume he has signed is true and will be submitted as evidence.

Plea Agreement - Page 1

*EVIDENCE A*
*SEE PAGE 5 PARAGRAPH 11*

3. **Sentence**: The maximum penalties the Court can impose include:

   a. imprisonment for a period not to exceed **ten (10) years**;

   b. a fine not to exceed **$250,000**, or twice any pecuniary gain to the defendant or loss to the victim(s);

   c. a term of supervised release of not more than **three (3) years**, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

   d. a mandatory special assessment of $100;

   e. restitution to victims or to the community, which may be mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

   f. costs of incarceration and supervision; and,

   g. forfeiture of property.

4. **Court's sentencing discretion and role of the Guidelines**: The defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. The defendant has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. The defendant will not be allowed to withdraw his plea if his sentence is higher than expected. The defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5.      **Mandatory special assessment:** The defendant agrees to pay to the U.S. District Clerk the amount of $100, in satisfaction of the mandatory special assessment in this case.

6.      **Defendant's agreement:** The defendant shall give complete and truthful information and/or testimony concerning his participation in the offense of conviction. Upon demand, the defendant shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution. The defendant expressly authorizes the United States Attorney's Office to immediately obtain a credit report on him in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant fully understands that any financial obligation imposed by the court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, the defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately enforceable financial obligation. The defendant understands that he has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the court.

7.      **Government's agreement:** The government will not bring any additional charges against the defendant based upon the conduct underlying and related to the defendant's plea of guilty. The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms.

Plea Agreement - Page 3

The government will dismiss, after sentencing, any remaining charges in the pending indictment against this defendant, as well as all charges against Patty Goodwin. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the defendant or any property.

8.  **Restitution and Forfeiture of Property**: Pursuant to 18 U.S.C. §§ 3663, 3663A, the defendant agrees to pay restitution for losses resulting from all of his criminal conduct, and understands that restitution will not be limited to losses stemming from the offense of conviction alone. The defendant agrees not to contest, challenge, or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the United States of any property noted as subject to forfeiture in the Superseding Indictment and in any bills of particulars, or seized or restrained by law enforcement officers during the investigation related to this criminal cause. The defendant consents to entry of any orders or declarations of forfeiture regarding all such property and waives any requirements (including notice of forfeiture) set out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and Rules 11 and 32.2 of the Federal Rules of Criminal Procedure. The defendant agrees to provide truthful information and evidence necessary for the government to forfeit such property. The defendant agrees to hold the government, its officers, agents, and employees harmless from any claims whatsoever in connection with the seizure, forfeiture, storage, or disposal of such property.

9.  **Violation of agreement**: The defendant understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government

Plea Agreement - Page 4

will be free from any obligations of the agreement and free to prosecute the defendant for all offenses of which it has knowledge. In such event, the defendant waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the defendant also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

10. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

11. **Representation of counsel**: The defendant has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. The defendant has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, the defendant has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

12. **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

Plea Agreement - Page 5

AGREED TO AND SIGNED this 13th day of December, 2012.

*[signature]*
MARK NICHOLS
Deputy Criminal Chief

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

*[signature]*
SALLY A. HELMER
Special Assistant United States Attorney
Texas Bar No. 24000090
801 Cherry Street, Suite 1700
Fort Worth, Texas 76102
Telephone: 817.252.5447
Facsimile: 817.252.5455
Email: sally.helmer@usdoj.gov

*[signature]*
MICHAEL DAVID GOODWIN
Defendant

*[signature]*
~~CLARK HOLESINGER~~ WILLIAM F. KELLY, III
Attorney for Defendant

Plea Agreement - Page 6

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | No. 2:12-CR-037-J |
| | § | |
| MICHAEL DAVID GOODWIN (1) | § | [To Be Filed Under Seal] |

## PLEA AGREEMENT SUPPLEMENT

Michael David Goodwin, defendant, Clark Holesinger, the defendant's attorney, and the United States of America, agree that the following additional terms are part of the Plea Agreement in the above-captioned case:

1. The defendant agrees to fully cooperate with the United States, its agencies, and other law enforcement agencies and provide truthful and complete information and/or testimony before any Federal grand jury, the United States District Court, or in any other proceeding, concerning his participation in the offense of conviction and knowledge of other criminal activities.

2. If, in its sole discretion, the government determines that the defendant has provided substantial assistance in the investigation or prosecution of others, it will file a motion urging sentencing consideration for that assistance. Whether and to what extent to grant the motion are matters solely within the Court's discretion.

Plea Agreement Supplement - Page 1

EVIDENCE B
1 OF 2

AGREED TO AND SIGNED this 13th day of December, 2012.

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

_____
MICHAEL DAVID GOODWIN
Defendant

_____
CLARK HOLESINGER  WILLIAM E KELLY, III
Attorney for Defendant

MARK NICHOLS
DEPUTY CRIMINAL CHIEF

_____
SALLY A. HELMER
Special Assistant United States Attorney
Texas State Bar No. 24000090
801 Cherry Street, Suite 1700
Ft. Worth, Texas 76102
Telephone: 817.252.5447
Facsimile: 817.252.5455
E-Mail: sally.helmer@usdoj.gov

Plea Agreement Supplement - Page 2

EVIDENCE B
2 OF 2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CASE NO. |
| | § | |
| MICHAEL DAVID GOODMAN | § | |

## AFFIDAVIT OF WILLIAM E. KELLY III

My name is William E. Kelly, III. I am over 18 years of age and competent to make this affidavit.

I am a member in good standing of the Virginia State Bar and have been since October of 1973. I am also a member in good standing of the State Bar of Texas and have been since May of 1989. Criminal law has always been central in my practice in both states. I was Assistant Commonwealth Attorney for the City of Richmond, Virginia and did criminal defense work in the counties surrounding Richmond. My practice in Texas has consisted mostly of criminal defense work, both state and federal. I have also practiced quite a bit of family law and civil litigation.

In 2012, Clark W. Holsinger, an attorney in Indiana, hired me to represent Patricia Goodwin and serve as local counsel for Mr. Holsinger in his representation of Dr. Michael David Goodwin. Dr. Goodwin pled guilty to one count of Health Care Fraud on April 13, 2013 in the United States District Court for the Northern District of Texas, Amarillo Division. The indictment against his wife, Patricia Goodwin, was dismissed as part of the plea agreement. I was provided a copy of the Motion to Withdraw Guilty Plea and Motion for Appointment of Counsel, along with attachments including an affidavit signed by Dr. Goodwin. Dr. Goodwin filed the above documents Pro Se. In items 6 and

1

7 of Dr. Goodwin's "Defendant's Affidavit" attached as Exhibit C to his Motion to Withdraw Guilty Plea, he infers that I pressured him to agree to a guilty plea "prior to the prosecutor going to dinner" or Dr. Goodwin would "go to jail for a long time".

I was counsel for Patricia Goodwin and did not give legal advice to Dr. Goodwin. I never said the things Dr. Goodwin attributed to me in his affidavit. There were times when Dr. Goodwin would ask my opinion regarding the pros and cons of pleading guilty or going to trial. I would give my opinion, always with the caveat that he should consult with his counsel, Mr. Holsinger, for legal advice and that what I was giving was just that, an opinion, as no attorney-client relationship existed between us. I never gave Dr. Goodwin legal advice on whether or not to plead guilty, proceed to trial, or any other matter, as that was not part and parcel of my duties and responsibilities in this case as local counsel. My legal representation and legal advice was confined to Patricia Goodwin, Dr. Goodwin's wife.

*[signature]*
William E. Kelly III

State of Texas       §
County of __Randall__ §

SIGNED under oath before me on 5/27/2014

*[signature]*
Notary Public, State of Texas

KARENA ANNE KELLY
Notary Public, State of Texas
My Commission Expires
January 15, 2018

EVIDENCE C
PAGE 2 OF 2

2                                                                  goodwin_wek_affidavit   00002



701 E. COUNTY LINE ROAD, SUITES 101 & 301
GREENWOOD, IN 46143

PH 317-885-2860    FAX 317-885-2869

**Patient Name: Goodwin, Michael D**
**Date of Birth: 04-27-1949**

**Date of Service: 02-27-2013**

**Chief Complaint:**
Here today for follow up.

**History Of Present Illness:**
The patient is seen in follow-up for general medical care including his problems of diabetes, hypertension, coronary artery disease, sleep apnea and depression. A physical exam today was to be performed after his laboratory work was reviewed. In fact, his laboratory work looks quite satisfactory from the perspective of a CBC, BMP, liver panel and EKG. His total cholesterol is 165 with an HDL of 34 and an LDL of 77. However, his sugar is 226 and his hemoglobin A1c is at 7.4.

We did review his current stresses associated with legal issues. We did renew all of his medications for a year so that he will have the things that he needed. We discussed insulin, but at this point in time it is not required. An electrocardiogram showed sinus bradycardia associated with his use of carvedilol.

**Past Medical History:**
Back pain-724.5 , Diabetes mellitus-250.00 , hypertention, Numbness of hand-782.0 (s/p cervical disc), OSA - Obstructive sleep apnea-780.57

**Procedures:**
Appendectomy,Cervical spinal fusion,Prostate Exam (2012),PSA (2012),Testicular exam (2012)

**Presenting Medications:**
**aspirin** 81mg (1 tablet qd), **Cialis** 2.5mg (1 tablet qd), **Coreg** 12.5mg (1 tablet bid), **Crestor** 20mg (1 tablet qd), **doxazosin** 4mg (1 tablet bid), **Flovent HFA** 220mcg/actuation (2 puffs bid), **glimepiride** (1 qd), **lisinopril-hydrochlorothiazide** 20-25mg (1 qd), **potassium chloride** 10mEq (1 qd), **Taztia XT** 360mg (1 capsule qd), **Xanax** 0.25mg (1 tablet tid prn)

**Allergies:**
Cats, Dust

**Social History:** Smoking Status: Former smoker.   Language: English.   Race: White.   Marital Status: Married.
Are there any cultural or religious beliefs that need to be considered in your care? N.
Potential barrier to learning?   X None
Learns best by:   X Reading   X Verbal instruction
Do you have a:
  Durable Power of Attorney? N
  Healthcare representative? N
  Out of Hospital Do Not Resuscitate (DNR)? N
  Did you bring copies of above document with you today? N

**Family History:**
Reviewed. Cancer (Father - passed age70), Diabetes (Mother), No known history - Alcoholism, No known history - Anemia, No known history - Arthritis, No known history - Asthma/Lung disease, No known history - Bleeds easily, No known history - Glaucoma, No known history - Gout, No known history - Heart Disease, No known history - High Blood Pressure, No known history - High Cholesterol, No known history - Kidney Disease, No known history - Mental Illness, No known history - Migraine, No known history - Seizures, No known history - Stroke, No known history - Tuberculosis

**Review Of Systems:**
**Notes:** Most of the patient's issues are stressed based. He has some problems with insomnia. He has anxiety. He is having no palpitations of significance. He is having occasional left lower quadrant discomfort. It has been 5 years since he had a colonoscopy. We will schedule that or have him schedule it in Crown Point.



EVIDENCE D

**Patient Name: Goodwin, Michael D**
**Date of Birth: 04-27-1949**
Page: 2

## Vital Signs:

| Ht | Wt | BMI | Sys | Dia | Resp | Temp | Pulse | O2 Sat | Oxygen |
|---|---|---|---|---|---|---|---|---|---|
| 73 in | 253 lbs | 33.38 | 128 mmHg | 70 mmHg | 16 pm | | 64 bpm | 96% RA | |

## Physical Exam:
**Notes:** Body mass index is 33.8. Vitals are noted above. Head and neck are unremarkable. Pharynx is clear. Neck is supple. Chest is inflated, quiet, and clear. Cardiac tones are at the epigastrium, without murmur or gallop. Abdomen is large, round and soft. There is some tenderness in the sigmoid region. Rectal examination is unremarkable. The prostate is small. Extremities show no significant cyanosis, clubbing, or edema. Neurologically the patient is anxious, but intact.

## Impression/Plan:
Back pain-724.5
CAD - Coronary artery disease-414.00
Diabetes mellitus-250.00
Diverticulosis-562.10
Erectile dysfunction-302.72
GAD - Generalized anxiety disorder-300.02
hypertention
Numbness of hand-782.0 (s/p cervical disc)
OSA - Obstructive sleep apnea-780.57

Medications were reviewed and renewed. The patient will be seen in 6 months for follow-up.

## Plan:
· Health Promotion:
  · BMI management discussed  BMI outside of range

· Follow-Up: prn .


Robert S Daly, MD
**Dictated but not proofread**

Case No. 2:12-CR-037-J                July 24, 2014

## Affidavit of
## Michael D. Goodwin

On or About May 7th, I, Michael D. Goodwin asked Attorney Clark Holesinger if he had recieved the evidence report by Medicaid Expert, Cristine Miller. Mrs. Miller spent several days in review of the practices and procedures of Medicaid preformed in the Goodwin Orthodontic office. Mrs. Miller's report, draft, has already been sent to this court, almost two weeks ago. (Note: See 1st Motion to Amend Motion under 2255). Attorney Clark Holesinger's response was, Mrs. Miller's report was "Not Helpful" and he did not present it to the Court.

_____
Michael D. Goodwin

MICHAEL DAVID GOODWIN SO2
44899-177
TERRE HAUTE FCI
SATELLITE CAMP
P.O. BOX 33
TERRE HAUTE, IN 47808

U.S. OFFICIAL MAIL
PENALTY FOR PRIVATE USE $300
$ 00.00⁰
JUL 28 2014
PITNEY BOWES
02 1A
0004206040
MAILED FROM ZIP CODE 47802

CLERK OF THE UNITED STATES
DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION
205 E. 5TH ST, RM 133
AMARILLO, TEXAS 79101

Legal Mail

INMATE
IDENTIFICATION
CONFIRMED