IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

MICHAEL DAVID GOODWIN,
          Movant,

v.

UNITED STATES OF AMERICA,
          Respondent.

No.    2:14-CV-091-J
        (2:12-CR-037-J)

## GOVERNMENT'S RESPONSE TO MOTIONS TO AMEND

Michael David Goodwin has filed two motions to amend his original 2255 petition (CV Nos 10, 12.)[1]  The government opposes Goodwin's first motion to amend because it is untimely and seeks to establish new grounds for ineffective assistance of counsel that were not presented in his original section 2255 motion.  The government consents in part and opposes in part Goodwin's second motion to amend.  To the extent Goodwin's second motion seeks to amend his original petition to make arguments regarding representation by attorney William E. Kelly and seeks to include a copy of the plea agreement, plea agreement supplement, and affidavit signed by Kelly, the government does not oppose the amendment.  To the extent that Goodwin seeks to introduce new evidence or arguments about his medical condition and to introduce an affidavit regarding a report generated by a defense consultant, the government opposes such amendment because the claims are untimely and lack merit.

---

[1] Citations to the underlying criminal case, 2:12-CR-037, will appear as "CR No. #."  Citations to the instant civil action, 2:14-CV-091, will appear as "CV No. #."  Other documents, such as the presentence report (PSR) and sentencing transcript (Sent. Tran.) will be cited by their titles.

## I.     STANDARDS

Petitions under section 2255 may be amended in accordance with Fed. R. Civ. P.

15.  *United States v. Saenz*, 282 F.3d 354, 355 (5th Cir. 2002).  Once a responsive

pleading has been served, a petitioner has the right to amend once within 21 days.  Fed.

R. Civ. P. 15(a)(1)(B).[2]  Once that period has passed, amendment may be permitted only

with the government's consent or leave of court.  Fed. R. Civ. P. 15(a)(2).  While Rule

15(a)(2) provides that a court should freely grant leave to amend when justice so requires,

leave "is by no means automatic."  *Davis v. United States*, 961 F.2d 53, 57 (5th Cir.

1991).  In deciding whether to grant leave to amend, the district court may consider a

variety of factors, including undue delay, bad faith or dilatory motive, repeated failures to

cure deficiencies, undue prejudice to the opposing party, and futility of the amendment.

*See United States v. Trevino,* 554 F. App'x 289, 293 (5th Cir. 2014) (holding that the

district court abused its discretion in denying leave to amend where there was no bad

faith on the part of the movant and claims raised would be timely because they related

back to claims raised in the initial motion).[3]

---

[2] The record reflects that Goodwin does not have an automatic right to amend under Rule 15(a)(1)(B).
The government's response was served on May 28, 2014.  *See* Fed. R. Civ. P. 5(b)(2)(C).  Goodwin's
first motion to amend was submitted July 15, 2014, after the 21-day automatic amendment period.  His
second motion to amend was submitted July 21, 2014, again, after the 21-day amendment period expired.

[3] The government distinguishes *Trevino.*  There, the defendant claimed ineffective assistance of counsel
on several grounds.  After the government asserted the appellate waiver, the defendant sought to amend
his motion to allege that those same failings of counsel pled in the first motion led to his appellate waiver
being unknowing and involuntary.  The district court did not permit the amendment and denied the
section 2255 motion, largely based on the appellate waiver.  The Fifth Circuit remanded, holding that the
district court should have permitted the amendment based on the factors described.  As in *Trevino*, the
government does not allege bad faith, dilatory motives, or undue prejudice.  However, unlike *Trevino,* the
government does allege that, as set forth in this response, two of the proposed amendments are untimely
because they do not relate back to the claims raised in the original motion.  The third proposed
amendment relates back to common core of operative facts and claims and should be permitted.

Claims that are added through an amendment must be timely under the one-year limitations period. *See United States v. Gonzalez*, 592 F.3d 675, 678-79 (5th Cir. 2009) (per curiam), *cert. denied*, 131 S. Ct. 231 (2010); *see* 28 U.S.C. § 2255(f). In order to maintain claims inserted after the limitations period has expired, a petitioner must show that the new claims relate back to the original petition. *Id.* at 679.

A petitioner cannot establish that new claims relate back by relying on the fact that both the original and amended petition complain about events arising from the same criminal proceedings. *See Mayle v. Felix*, 545 U.S. 644, 663 (2005) ("If claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, AEDPA's limitation period would have slim significance."). In fact, new claims of ineffectiveness of counsel do not relate back even if they are linked to the same constitutional deprivation, for example, ineffectiveness of counsel in violation of the Sixth Amendment. *Gonzalez*, 592 F.3d at 679-80. A new claim relates back only if it and the claims in the original petition "are tied to a common core of operative facts." *See Mayle*, 545 U.S. at 664. New claims that assert "a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth" do not relate back and, therefore, are barred as untimely. *Gonzalez*, 592 F.3d at 680 (quoting *Mayle*, 545 U.S. at 650.)

A request to amend a section 2255 petition also should be denied when amendment would be futile. *See Gonzalez*, 592 F.3d at 681 (court may deny amendment of section 2255 petition due to futility); *United States v. Liedtke*, 107 F. App'x 416, 418 (5th Cir. 2004) (per curiam). Leave to file an amendment may be denied on the basis of

futility if the proposed amendment would not survive summary dismissal.  *See Rio*

*Grande Royalty Co. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010).

## II.   ANALYSIS

> ### A.   In his first and second motions to amend, Goodwin raises an additional claim of ineffective assistance of counsel, alleging counsel's failure to submit purportedly exculpatory evidence to the Court.  This claim is untimely and without merit.  Amendment should not be permitted.

The district court entered judgment on April 9, 2013, and his conviction became

final on April 23, 2013, after his right to file a notice of appeal expired.  (CR No. 135,

137.)  Therefore, Goodwin had until April 23, 2014, to raise section 2255 claims.  *See* 18

U.S.C. § 2255(f).  His initial motion, filed April 14, 2014, was timely.  (CV No. 1.)

However, his first motion to amend, filed July 15, 2014, raises claims that do not relate

back to the claims filed in his initial motion and are therefore untimely because they were

raised for the first time after the one-year limitations period expired.  (CV No. 10.)  In his

second motion to amend, he includes an affidavit relating to this same allegation.  (CV

No. 12 at 17.)

Although Goodwin raised the ineffective assistance of attorney Holesinger in his

first motion, in the motions to amend, Goodwin seeks to add new grounds by claiming

for the first time that Holesinger failed to submit "to the court exculpatory evidence that

would have resulted in a different outcome."  (CV No. 10 at 1.)  The "evidence" is a

report from a consultant hired by the defense team to acquire information about the

history, operation, and billing practices of Goodwin Orthodontics, apparently in

anticipation of defending the criminal case.  (CV No. 10 at 3-6.)  Goodwin also includes

a copy of a contract between his lawyer and the consulting firm hired to provide the analysis.  (CV No. 10 at 9-12.)  The letter does not appear to be written on letterhead and is not signed.  (CV No. 10 at 3, 6.)  The letter also appears to have responsive comments typed in about the possible defense of the case.  (*See id.*)  In his second motion to amend, filed July 21, 2014, Goodwin includes an affidavit alleging that the report submitted with his first motion to amend provided was prepared by "Medicaid expert, Cristine Miller" and complains that his attorney deemed the report "not helpful."  (CV No. 12 at 17.)

While Goodwin claims that the "report came to light on July 11, 2014," and that he asked his attorney about it on "May 7" (no year provided), he makes no showing that he is entitled to equitable tolling, and the record reflects no basis for it.  *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (stating that the prisoner "bears the burden of proof concerning equitable tolling.")

Moreover, the conduct Goodwin complains of hardly rises to the level of ineffective assistance of counsel set out in *Strickland v. Washington*, 466 U.S. 668 (1984).  That is, Goodwin has not established that his lawyer's decision to keep the privileged letter private was not sound strategy.  *See id.* at 689.  ("There are countless ways to provide effective assistance in any given case.  Even the best criminal defense attorneys would not defend a particular client in the same way.")  First, the bulk of the information recited in the letter came from Goodwin and his employees, all of whom had a significant motive to disclaim knowledge of billing procedures.  (CV No. 10 at 3.)  Moreover, the letter determined that the "Medicaid billing requirements for orthodontia services in Texas are relatively simple if the staff is appropriately trained, supervised and

follows accepted policies and procedures." (*Id.* at 6.)  The letter also found that the

Goodwin "practice did not have the background or expertise to bill Medicaid for

Orthodontic services," despite being a practice that was nearly completely comprised of

Medicaid clients.  (*Id.* at 5, 8.)  The letter is hardly exculpatory at all, much less clearly

so.  Goodwin cannot establish that counsel performed deficiently by not providing this

letter to the Court, nor can Goodwin reasonably contend that such a letter would have

upended the proceedings to the degree that there would have been a different result.

*Strickland*, 466 U.S. at 694 (to prove that counsel's deficient performance caused

prejudice, the prisoner must show that "but for counsel's unprofessional errors, the result

of the proceeding would have been different.  A reasonable probability is a probability

sufficient to undermine confidence in the outcome.")

 Because these claims are untimely, unrelated to the claims in the initial motion,

and ultimately futile, the Court should not allow amendment.

 **B.** **In his second motion to amend, Goodwin raises an additional claim that he was under the influence of certain medications at the time of his plea.  This claim is untimely, belied by the record, and meritless.  Amendment should not be permitted.**

 As previously discussed, Goodwin's second motion to amend, filed July 21, 2014,

is not entitled to automatic amendment, and thus, to the extent that it raises new claims, is

untimely under 18 U.S.C. § 2255(f).  In his second motion to amend, Goodwin indicates

that, at the time of his plea, he was under the influence of a long list of medications and

seeks to have a doctor's report included.  (CV No. 12 at 3.)  He did not include any

arguments about his health condition in his original motion, and he fails to explain how

or why such argument is significant now.  He also fails to explain why such information, if relevant, was not previously included.  His claim is untimely, and he neither requests, nor does the record support, equitable tolling.

To the extent Goodwin submitted medical information to suggest that he was not competent to enter a guilty plea, his claims are belied by the record.  At several points during the rearraignment hearing, the Court questioned Goodwin, and he clearly appeared to understand the questions, his answers, and the proceedings.  (Sent. Tr. 19-30.) Moreover, at least some of these medications were listed in the presentence report, and the probation officer was able to have a lucid, coherent conversation with Goodwin, ranging from his childhood, to his family situation, to his criminal matters.  (PSR ¶¶ 81-104.)  The probation officer found Goodwin to be "relaxed" with "appropriate affect," and noted that he "had a clear understanding of the criminal proceedings against him and the consequences of his actions."  (PSR ¶ 105.)  At no point in the presentence report did the probation officer note that Goodwin appeared to be altered by any medications, nor did Goodwin's wife express concern.  (PSR ¶¶ 105-09.)  "There are doubtless many defendants who find elusive the 'right frame of mind' for a criminal proceeding in which they are being tried.  A showing of incompetency, however, requires more."  *United States v. Faubion*, 19 F.3d 226, 231 (5th Cir. 1994).

**C.      In his second motion to amend, Goodwin seeks to introduce as an attachment to his previously-filed section 2255 motion his plea agreement, signed by attorney Kelly.  The government does not oppose this amendment.**

Goodwin seeks to amend his motion to introduce his plea agreement and factual resume, along with the affidavit of co-counsel Kelly, purportedly to support his contention that he received ineffective assistance of counsel from Kelly.  Because such an argument would relate back to the issues raised in Goodwin's original motion, the government is unopposed.  For the same reasons set forth in the government's original response, including the substance of Kelly's affidavit, and based on Goodwin's waiver of any conflict with regard to Kelly's representation of Goodwin's wife, the government maintains that Goodwin did not receive constitutionally-defective representation of counsel.

## CONCLUSION

The government requests that the Court deny Goodwin's first motion to amend in its entirety and his second motion to amend with regard to the medical information and affidavit relating to the consultant letter.  The government recommends that the Court grant Goodwin's second motion to amend only as it relates to the argument and accompanying documentation (plea agreement, factual resume, and affidavit) regarding ineffective assistance of counsel by Kelly.

Respectfully submitted,

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

*/s/ Amy R. Burch*
AMANDA ("AMY") R. BURCH
Assistant United States Attorney
Texas Bar No. 24031900
1205 Texas Ave., Suite 700
Telephone: (806) 472-7322
Facsimile: (806) 472-7394
E-mail: Amy.Burch@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on September 16, 2014, I electronically filed this response with the

clerk of court for the U.S. District Court, Northern District of Texas, using the electronic

case filing system of the court.  I also certify that a copy of this response was served on:

Michael David Goodwin, Register No. 44899-177, Terre Haute FCI, P.O. Box 33, Terre

Haute, IN 47808, by first class mail, return receipt requested No. 7011 2970 0003 7271

4252.

*/s/ Amy R. Burch*
AMANDA ("AMY") R. BURCH
Assistant United States Attorney